**Carl E. PERSON, Plaintiff,**

v.

**The ASSOCIATION OF the BAR OF the CITY OF NEW YORK et al., Defendants.**

**No. 75 C 1473.**

United States District Court, E. D. New York.

June 25, 1976.

See also, 414 F.Supp. 139.

Carl E. Person, Esq., plaintiff pro se.

Haliburton Fales, 2d, New York City (White & Case and Robert G. Haile, Jr., and Diane S. Linker, New York City, of counsel), for The Association.

Daniel M. Cohen, New York City (Louis J. Lefkowitz, Atty. Gen., New York City, of counsel), for defendants other than the Bar Association, and for the Attorney General under Executive Law, § 71.

MEMORANDUM and ORDER

DOOLING, District Judge.

Plaintiff has now moved for summary declaratory judgment invalidating Disciplinary Rule 7–109(C) forbidding lawyers' paying or acquiescing in the payment of compensation to a witness contingent upon the content of his testimony or the outcome of the case. Plaintiff asks further, if that relief is granted, for a severance of the part of the case dealing with the Disciplinary Rule (to be denominated 75 C 1473 A), dispensing with the need for an answer to the severed case, and granting other relief

as appropriate. Plaintiff's motion, in substance, relies on what was said in the earlier Memorandum and Order (March 24–25, 1976) at pages 10–15.

The defendant Association argues that there is not a constitutionally sufficient controversy to authorize federal judicial intervention since it is not plainly shown that an expert would be available if the Rule were inoperative, or, indeed, that in the *Nabcor* case expert testimony is necessary or expected to be used or useful. Further, the defendant Association argues that on issues of principle courts must be slow to issue declaratory judgment, particularly where, as it contends is the case here, no evidentiary demonstration of irrational or discriminatory operation of the Rule has been made.

The posture of such a case as this is, inevitably, unusual. The Rule, unless ignored, must of itself foreclose a lawyer's effort to obtain expert testimony and go far to deny to the lawyer the opportunity to demonstrate the availability of such testimony and its specific place in particular cases. But plaintiff has shown without contradiction that in his prosecution of the *Nabcor* case he is disadvantaged in being unable to retain needed accounting and economic testimony because of his clients' lack of funds and the inhibition of the Rule. The plaintiff has shown, without contradiction, that in his type of practice the predicament is recurrent from case to case. It is the plaintiff who is the one directly restricted by the Rule and rendered less effective than, in his reasonable judgment, he would be if able to seek out expert testimony uninhibited by the constraint of the Rule so far as it outlaws compensation contingent upon the outcome of the case. However, although the constraint directly affects plaintiff, individually, in his practice of his profession, the consequence is no less directly experienced by the grievant of limited or nil means who appeals for judicial relief and cannot obtain it in the measure in which it is available to those who can afford to retain experts in the kinds of cases in which expert testimony is either essential or necessary to the best and most effective presentation of the litigant's case.

The interests involved are *first*, the interest of plaintiff and every other lawyer in being able freely to seek out and, on his clients' behalf, contract on a contingent fee basis with qualified experts where that is the only way in which the client can afford to engage the expert's services or the way which is otherwise appropriate, and, *second*, the client litigant's interest in having genuine access to the courts. The first interest is derivative from the second, but while the disciplinary rule, of necessity, directly affects the lawyer, it affects the client's underlying interest more drastically. In comforting theory the lawyer can turn his back on such clients and seek other work. But the client has no alternative to seeking justice except the courts established to dispense it.

The case, then, falls in the area considered in *Boddie v. Connecticut*, 1971, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113; *Lindsey v. Normet*, 1972, 405 U.S. 56, 77–79, 92 S.Ct. 862, 31 L.Ed.2d 36, and *United States v. Kras*, 1973, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626, but raises other considerations as well. *Kras* should, perhaps, be put aside at once: it rested on the announced constitutional permissibility of denying to the indigent the benefits of the bankruptcy law available to those whose need of those benefits was a little less exigent—on the assumption that alternatives to bankruptcy appeared to be available. (As to *Kras*, See The Supreme Court, 1972 Term, 1973, 87 Harv.L.Rev. 1, 57–67).

The Rule in its present form authorizes lawyers to advance, guarantee, or acquiesce in the payment of a reasonable fee for the professional services of an expert. The Rule further forbids the lawyer to offer to pay, or acquiesce in the payment of compensation to a witness "contingent upon the content of his testimony." So much seems plain; at least no ground of criticism of it appears. The difficulty is with the Rule so far as it forbids payment "contingent upon . . . the outcome of the case." The Rule necessarily means that even if the fee

agreed upon is reasonable and is not linked to the content of the testimony, the fee arrangement is improper.

It must be doubted that there is total compliance with the Rule in its present form. The case is which the unsuccessful personal injury plaintiff's lawyer goes unpaid must not infrequently be also the case in which the expert medical witness does not press either the plaintiff or his lawyer for payment. Apart from that, however, litigation today calls for the use of many kinds of experts in many kinds of cases. The most obvious are the personal injury cases requiring medical testimony, malpractice cases against practitioners in various professional fields, product liability cases involving questions of design, malfunction and defect, patent and copyright cases, desegregation cases, obscenity control cases and other kinds of cases in addition to anti-trust cases. Disparity in means between the litigants is not always present, nor is total inability to pay a needed expert the common situation. But disparity and need are frequent, and, although contingent fee arrangements, if licit in principle, would not be available only to the indigent, it is inherent in the Rule that it must particularly forbid to the less affluent and to the indigent a means of obtaining an equal hearing to that accorded to a more affluent adversary in the same case. In the case where one party is of limited means the "discrimination" in treatment is individual, pointed and specific as well as general in its tendency to handicap the less affluent and the indigent classes of litigants in their efforts to vindicate their rights. Yet a litigant, although without means, can obtain any lawyer whom the merits of his claim will attract to his case. But he may not obtain any expert whom the merits of his case can attract to study it and testify to his opinion.

The purpose of the prohibition, to remove an incentive to untruthful testimony, is not likely to be achieved by the Rule, and, to the extent achieved, would be gained at too great a loss in fundamental fairness. An incentive to untruthful testimony is implicit in any payment to a witness "for" his testimony. The Rule recognizes the risk in requiring that payments to expert witnesses be reasonable in amount. That, it must be inferred, means an amount related to time spent, difficulty of the problem, inconvenience imposed because of the nature of judicial proceedings, and such factors, but must never be such an amount that the inference is that the expert has been paid to give testimony of a certain content and not simply an appropriate fee for his time, effort and court attendance. But the Rule makes an unreasoned transition in outlawing the retainer of an expert on a contingent basis no matter how reasonable his fee would be if success attended his client and he was paid his agreed fee. No basis in reason exists for rejecting a reasonable fee arrangement simply because the fee is not to be paid if the client does not prevail in the case. And there is no fair ground for excluding from the determination of reasonableness a consideration of the circumstance that the fee is contingent and not payable in all events. It is not meant to suggest that in the case of the expert a fee measured as a percentage of the recovery might not generally or in particular cases be regarded as *per se* unreasonable. But it is concluded that to treat contingency of payment as in and of itself improper is too irrational to survive Fourteenth Amendment analysis. The interest in access to the courts on a basis of equality may not exact redress of every imbalance that disparity of means can produce, but it is of such fundamental importance that it cannot be subjected to a constraint that is not adapted to effective achievement of its professed goal and which exacts a sacrifice which must, in any case, be disproportionate to the merely conjectured probability of occurrence of the wrong aimed at. Cf. *Boddie v. Connecticut, supra,* 401 U.S. at 377, 379–380, 91 S.Ct. 780; *Winters v. Miller,* 2d Cir. 1971, 446 F.2d 65, 71.

It follows that plaintiff's motion for leave to amend and for a summary declaratory judgment that Disciplinary Rule DR7-109(C), and that rule as incorporated in Rule 603.2 of the Rules of the Appellate

Division, First Department, and Rule 691.2 of the Rules of the Appellate Division, Second Department, so far as the rule proscribes the payment of reasonable fees for the professional services of expert witnesses if payment of the fees is contingent upon the outcome of the case is invalid, must be and it is granted. Since the issue is plainly involved with the remaining anti-trust issues, however, it would not be appropriate to sever the issue or enter a separate judgment on the issue before the entry of final judgment in the case.